**Thomas TURNER and Michelle Turner, Plaintiffs–Appellants,**

v.

**The VILLAGE OF LAKEWOOD, NEW YORK, the Board of Trustees of the Village of Lakewood, New York, Geoffrey Bond, and Sally Bootey, Defendants–Appellees.**

**No. 13–4568–cv.**

United States Court of Appeals, Second Circuit.

Feb. 13, 2015.

Brian D. Gwitt and Gregory Zini, Damon, Morley LLP, Buffalo, NY, for Plaintiffs–Appellants.

Paul V. Webb, Jr., Erickson Webb Scolton & Hajdu, Lakewood, NY, for Defendants–Appellees Geoffrey Bond and Sally Bootey.

Terry Rice, Law Offices of Rice & Amon, Suffern, NY, for Defendants–Appellees the Village of Lakewood, New York and the Board of Trustees of the Village of Lakewood, New York.

Present: ROBERT A. KATZMANN, Chief Judge, RALPH K. WINTER, ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Plaintiffs appeal the district court's denial of their motion under Rule 60(b) of the Federal Rules of Civil Procedure seeking reconsideration of the district court's prior decision of October 14, 2011, which, *inter alia*, dismissed the second claim in the plaintiffs' complaint as barred by res judicata. The plaintiffs argued in support of that motion that the district court erred in dismissing their claim. We assume the parties' familiarity with the underlying facts, procedural history of, and issues presented for review by, this appeal.

Rule 60(b)(1) "provides for relief from mistake, inadvertence, surprise, or excusable neglect. Generally this provision has been invoked to remedy the mistake *of a party or his representatives*." *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir.1981) (emphasis added). If a party seeks to challenge a decision of the district court, as the plaintiffs do here, on the grounds that it is mistaken or erroneous, there are other rules under which he or she may proceed, most obviously a direct appeal in the Court of Appeals under Federal Rule of Appellate Procedure 4, or a motion in the district court under Feder-

al Rule of Civil Procedure 59(e) to alter or amend the judgment in question.

In this case, the plaintiffs failed to seek a timely review of the October 14, 2011 decision under either under Fed. R.App. P. 4 or Fed.R.Civ.P. 59(e). Because the plaintiffs failed to file a timely appeal of the October 14, 2011 decision, they are procedurally barred from having this Court consider an alleged mistake of the district court in arriving at that decision. We must therefore affirm the judgment of the district court.

We have considered all of the Appellants' remaining arguments and find them to be without merit. Accordingly, for the foregoing reasons, the appeal from the order of the district court is hereby **AFFIRMED.**